IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KURT TAYLOR, AIS # 216804,        :

    Plaintiff,               :

vs.                               :   CIVIL ACTION 07-0794-CG-M

RICHARD ALLEN, et al.,            :

    Defendants.              :

REPORT AND RECOMMENDATION

    This action is before the Court for review under 28 U.S.C. §
1915(g).  An Alabama prison inmate proceeding *pro se* and seeking
leave to proceed *in forma pauperis* commenced this action.[1]
Therefore, it was referred to the undersigned pursuant to 28
U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate
action.  It is the undersigned's recommendation that Plaintiff's
action be dismissed without prejudice pursuant to 28 U.S.C. §
1915(g).

I.  Proceedings.

    When the original Complaint was filed by Plaintiff, the
Court reviewed the Complaint under 28 U.S.C. § 1915(e)(2)(B) and
(g).  (Doc. 1).  Based on this review, and out of an abundance of
caution, the Court issued a service order requiring the persons

---

[1]Plaintiff's Motion to Proceed Without Prepayment of Fees
(Doc. 2) was granted.  (Doc. 3).  In light of this Report and
Recommendation, the grant of *in forma pauperis* status is hereby
**REVOKED.**

identified by Plaintiff as Defendants to respond to his Complaint and to advise the Court whether 28 U.S.C. § 1915(g) barred this action from proceeding since Plaintiff did not pay the filing fee at the time of filing.  (Doc. 8 at 4-5).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff's three prior dismissals that qualified this action for § 1915(g) treatment were set out in the service Order: *Taylor v. Burton, et al.,* CA 04-0118-SLB-PWG (N.D. Ala. Mar. 7, 2005) (frivolous); *Taylor v. Howie,* CA 04-1337-RDP-PWG (N.D. Ala. Aug. 26, 2004) (failure to state a claim); and *Taylor v. Rogers, et al.,* CA 05-1209-WKW-SRW (M.D. Ala. Feb. 21, 2006) (failure to state a claim).  (*Id.*).

Before Defendants filed a responsive pleading or motion, the Court *sua sponte* requested an attorney, Barry Johnson Parker, to represent Plaintiff in this action in order to best resolve Plaintiff's claims.  (Doc. 25).  To that end, Plaintiff's counsel filed an Amended Complaint.  (Doc. 32).  Defendants then filed

2

their Motions to Dismiss (Docs. 42, 47, 48), and Defendant
Stonewall filed his Answer.  (Doc. 45).

A review of the information filed in this action by
Plaintiff and Defendants reflects the following.  The filing of
Plaintiff's original Complaint occurred on or about November 2,
2007.  (Doc. 1 at 11, envelope's postmark); *see Garvey v. Vaughn,*
993 F.2d 776, 783 (11th Cir. 1993) (delivery of prisoner's § 1983
action to prison officials for mailing to the court constitutes
filing).  In that Complaint Plaintiff complains about incidents
that occurred in 2006 and on July 14, 2007.  (*Id.* at 4).  In 2006
Plaintiff alleges that he suffered a seizure that caused him to
sustain a concussion for which a two-month hospitalization was
needed.  (*Id.* at 9).  Then in Plaintiff's description of his
claims, the date of July 14, 2007, is identified as the date when
Defendant Stonewall sprayed him with a chemical agent.  (*Id.* at
4).  The date of October 7, 2007, is identified in this
description as the date when Defendant Stonewall assaulted
Plaintiff with a metal baton, through the feeding slot, hitting
Plaintiff's leg.  (*Id.* at 9).  After filing the Complaint,
Plaintiff later complained in a letter to the Court about being
assaulted by other officers on March 4, 2008, and being placed in
a death row cell.  (Doc. 5 at 1).  The foregoing three incidents
of excessive force being used against Plaintiff at Holman
Correctional Facility ("Holman") are the sole incidents of

3

excessive force recounted in the Amended Complaint. (Doc. 32 at 4).

In addition to these incidents, after Defendant Stonewall sprayed Plaintiff in his cell on July 14, 2007, when Plaintiff would not shower, Defendant Stonewall allegedly told other inmates that Plaintiff was a "snitch." (Doc. 1 at 4). And, as a result of the July 14, 2007, incident, Plaintiff was written an allegedly false disciplinary for assault with his crutch. (*Id.* at 4). Then Plaintiff allegedly informed supervisory personnel of the false disciplinary proceeding, and Dr. Earn Shaw of the mental and physical abuse that he received from officers and of a 2005 court order stating that he should receive mental health treatment at William E. Donaldson Correctional Facility ("Donaldson"). (*Id.* at 4).

Plaintiff is described as an amputee, from below the knee, who suffers from a seizure disorder and mental problems that require medical attention. (Doc. 32 at 2). Since filing this action, Plaintiff has been transferred from Holman, where the complained of acts occurred, to Donaldson. (Doc. 47 at 21).

II. <u>Analysis</u>.

A. <u>The Application of § 1915(g)</u>.

After reviewing the file, it has become abundantly clear to the Court that this action is barred by 28 U.S.C. § 1915(g). The dates provided by Plaintiff do not indicate that at the time

the Complaint (Doc. 1) was filed on or about November 2, 2007, that he was under "imminent danger of serious physical injury." The two incidents of excessive force involving Defendant Stonewall occurred prior to the filing of the original Complaint and the third incident of excessive force occurred after the Complaint's filing.  Plaintiff's other allegations of being labeled a "snitch" by Defendant Stonewall and being written an allegedly false disciplinary report do not manifest themselves as situations of "imminent danger of serious physical injury" so as to invoke § 1915(g)'s exception.  That is, "[t]his exception ... require[s] *specific* allegations of present imminent danger that may result in serious physical harm." *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (Granade, J.) (emphasis added) (citing *Brown v. Johnson,* 387 F.3d 1344, 1349 (11th Cir. 2004)); *see Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury").

     To the extent that being labeled a "snitch" in a prison environment could create an ongoing situation of concern, Plaintiff's allegations do not confirm this because his allegations are vague and unsupported by facts. *Martin,* 319 F.3d at 1050 (finding the plaintiff's allegation that they were trying

to kill him by making him work outside in the extreme
temperatures despite his high blood pressure was conclusory and
insufficient to invoke § 1915's exception); *Skillern v. Paul,* 202
Fed. Appx. 343, 344 (11th Cir. 2006) (unpublished) (finding that
the vague allegations did not satisfy § 1915(g)'s exception
because there was no description of the medical condition causing
the need for the medicine or of the consequences if the medicine
was not given).

    Rather, the allegations indicate that Plaintiff was having
problems with other inmates prior to being called a "snitch,"
which was the reason Plaintiff refused to take a shower when
ordered to do so by Defendant Stonewall on July 14, 2007.  (Doc.
1 at 4).  Plaintiff avers that he told officers that "inmates
wrote letters to me stating they were going to jumped me that
they had handcuff keys to cut and stabbing me up during shower so
I refuse to shower[.]"  (*Id.*).  Nevertheless, no showing has been
made that being called a "snitch," which occurred near the time
of the July 14, 2007, incident, resulted in any physical injuries
to Plaintiff.

    Plaintiff, however, does state that he has been "living in
fear up under psychological stress and mental anguish because [he
is] constantly being call[ed] a 'snitch' by Officer Stonewall and
threats from other inmates [cause him not to] walk on exercise
[and he has] to be very careful during shower time asking the

officers who are showering please do not allow anyone to help
each other assault me." (*Id.* at 10).  Fear, psychological
stress, and mental anguish are not physical injuries as required
by the statute.  *Coleman v. Department of Corrections,* 2008 WL
2474635, at *3 (N.D. Fla. June 13, 2008)(unpublished) (finding
the allegation of fear for safety because he had been assaulted
more than once to be a generalized allegation not founded on
specific facts that indicated a physical injury is imminent); *see
Joiner v. Astrue,* 2009 WL 1151869, at *1 (M.D. Ala. April 29,
2009) (finding that mental and emotional distress, emotional pain
and suffering, and personal humiliation were conclusory
allegations and failed to identify a serious or physical injury).
Moreover, the fact that Plaintiff was living in a one-man cell
undercuts the consequences that being labeled a "snitch" would
have on Plaintiff because by being in a cell, his contact with
other inmates was severely restricted.  Accordingly, it does not
appear that at the time of filing that Plaintiff was "under
imminent danger of serious physical injury." *Medberry v. Butler*,
185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff
must face imminent danger of serious physical injury at the time
the complaint is filed, not at a prior time).

   Because Plaintiff cannot avail himself of § 1915(g)'s
exception and did not pay the $350.00 filing fee at the time he
filed this action, Plaintiff's action is due to be dismissed

7

without prejudice. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002). Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

    B.  <u>Dishonesty in the Complaint</u>.

    Another reason to dismiss this action is Plaintiff's failure to list on his complaint form the actions that he previously filed. (Doc. 1 at 3). Plaintiff only identified one action on the complaint form that he had previously brought, *Taylor v. Naph Care Medical Services, Inc., et al.,* CA 03-01016-WHA-SRW, which he indicates was dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).[2] Whereas, Defendant Dr. Earn Shaw listed several of Plaintiff's actions in her Motion to Dismiss. (Doc. 42 at 2). PACER (Public Access to Court Electronic Records)

---

[2]The docket in this action filed in the Middle District of Alabama reflects that the final judgment, entered on July 19, 2006, dismissed some claims under 28 U.S.C. § 1915(e)(2)(B)(i), other claims against certain defendants for lack of service, and the remainder of the claims on defendants' motions for summary judgment. (Doc. 217).

indicates that Plaintiff has filed thirteen actions including this one.  Only one other action, however, contains allegations of assaultive behavior against Plaintiff, *Taylor v. Rhine, et al.,* CA 08-0839-UWC-PWG (N.D. Ala. June 24, 2008).  This action was dismissed pursuant to 28 U.S.C. § 1915(g).  Whereas, the other actions listed by Defendant Dr. Earn Shaw concern Plaintiff's medical care, conviction, and classification.  Even though Plaintiff signed his Complaint under penalty of perjury, he did not list the other actions and each action's pertinent information, as required by the form.  This information is highly relevant to this action that he filed as a prisoner and for which he did not pay the filing fee at the time of filing because the Court is under a duty pursuant to 28 U.S.C. § 1915 to enforce § 1915(g)'s bar and to screen complaints under § 1915(e)(2)(B).

In *Rivera v. Allin,* 144 F.3d 719 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910 (2007), the Eleventh Circuit Court of Appeals approved the counting as a strike an action that had been dismissed on the ground that the plaintiff had abused the judicial process because he had lied under penalty of perjury about the existence of another lawsuit.  *Id.* at 731.  Relying on this decision and "its approval of dismissing a case based on dishonesty in a complaint[,]" the Court in *Wallace v. Strength,* 2008 WL 2097146, at *4 (S.D. Ga. 2008) (unpublished), dismissed an action pursuant

9

to 28 U.S.C. § 1915(g) and noted that the complaint was also subject to dismissal for dishonesty in the complaint. *Id.* at *1-*2. The plaintiff in *Wallace* only identified one prior action on the complaint form, which he had signed under penalty of perjury, even though he had filed several actions that resulted in dismissals qualifying him for treatment under § 1915(g). *Id.* at *1 & *4. The *Wallace* Court determined that an appropriate sanction for abuse of the judicial process was the dismissal of the complaint without prejudice. *Id.* at *4.

In the action at hand, the Court finds that Plaintiff has not been honest in his response to the complaint form's inquiry into his prior actions. Honesty in Plaintiff's representations to the Court is of utmost importance. Rule 11 of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court[.]" *Zocaras v. Castro,* 465 F.3d 479, 484 (11th Cir.), *cert denied,* 549 U.S. 1228 (2007). Furthermore, misrepresentations to the court under Rule 11(b) are subject to sanctions pursuant to Rule 11(c). FED.R.CIV.P. 11(c). Sanctions include the involuntary dismissal of an action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to abide by the Federal Rules of Civil Procedure. *Zocaras,* 465 F.3d at 484; *see also Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.) (ruling a *pro se* litigant is "subject to the relevant law and rules of court, including the Federal Rules of Civil

10

Procedure"), *cert. denied,* 493 U.S. 863 (1989).  The Court also
has the inherent power to dismiss an action based on its
authority "to enforce its orders and ensure prompt disposition of
legal actions."  *Zocaras,* 465 F.3d at 490 (appendix); *see Link v.
Wabash R.R. Co.,* 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389
(1962)("The authority of a federal trial court to dismiss a
plaintiff's action with prejudice because of his failure to
prosecute cannot seriously be doubted.  The power to invoke this
sanction is necessary to prevent undue delays in the disposition
of pending cases and to avoid congestion in the calendars of the
District Courts."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 54,
111 S.Ct. 2123, 2132, 2138 (1991) (holding the federal courts'
inherent power to manage their own proceedings authorized the
imposition of attorney's fees and related expenses as a sanction
for a fraud perpetrated on the court.)

     Therefore, this action is due to be dismissed for the
additional reason of  Plaintiff's lack of honesty in his
responses to the Court's complaint form's question concerning his
prior litigation history.  Considering the type of sanctions that
are available to the Court in light of Plaintiff's status as an
indigent prisoner, it is recommended that this action be
dismissed without prejudice on this ground also.

III.  <u>Conclusion</u>.

     Based upon the forgoing reasons, it is recommended that this

action be dismissed without prejudice.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in

this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

     DONE this 22st day of May, 2009.

                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE